Curia, per
Nott, J.
The only question arising out of the decree in this case is, whether the next of kin to a deceased person can maintain an action in the court of equity for the recovery of property without administration.* In the case of Farley v. Farley, 1 M’Cord’s Cha. Rep. 506, this court dismissed the bill on the ground, that no administration had been granted. In the case of Gregory v. Forrester, decided at the last December term, (ante Vol. I, 318,) the same opinion was expressed. In those cases the subject was well considered; and we felt bound to come to that conclusion. The next of kin is entitled to the administration, and may always administer before bringing his bill. Great difficulties may arise from allowing a contrary practice. It is said such proceedings have been allowed in our courts; but I have looked over all our equity reports, and can find no such case. In the case of Elders v. Vauters, 4 Desaus. Rep. 155, decided in the year 1811, the court would not permit the complainant to retain á slave which he bought from the next kin, though it was admitted that the debts were all paid, and although he held under a bill of sale purporting to be for a valuable consideration, and had been ten years in possession.
Chancellor DeSaussure, in his index, states the purport of that decree in the following words: “It is irregular for a person, though exclusively entitled to the estate of an intestate, to take possession and make dispositions without administering; and such acting will be disallowed.” 4 Desaus. Rep. Index, pl. 11. Tit. Executors and Administrators.
It appears to me, therefore, that the decisions of this court have not only been conformable to the general principles of law, but to the decisions which had previously prevailed in the courts of equity of this State. The decree, therefore, must be overruled. It is suggested, however, that the complainant is, in fact, administrator. If so, he may have leave to mend his bill so as to correspond with the fact. In the case of Humphries v. Humphries, 3 P. Wms. 347, where the next of kin had brought a bill without administering, the Lord Chancellor* allowed the demurrer, and then gave the complainant leave to takeout administration, and charge it by way of amendment to the bill. Let the complainant, therefore, have leave to amend his bill.

Leave given to amend.